**Clark v. Lawrence**

---

C.P. of Allegheny County, no. FD 00-4450-003.

*Alida J. Kornreich,* for plaintiff.
*Joel M. Dresbold,* for defendant.

WECHT, *J.,* October 7, 2010—Defendant Charles E. Lawrence ("father") appeals from this court's July 14,

2010 order. That order dismissed father's exceptions from a hearing officer's recommendation following a support hearing.

## Background and Procedural History

Plaintiff Michelle L. Clark ("mother") and father are the parents of one minor child, Daivonne (d.o.b. 3/1/93). On May 23, 2000, mother filed a support complaint against father. At that time, father's location was unknown to mother or this court. Apparently, the support department located father in 2004, but for reasons unknown the case was never scheduled. Unaccountably, in March 2009, the case finally was scheduled.

At the May 13, 2009 hearing, father appeared by telephone and contested paternity. The case was scheduled for September 14, 2009 to review the paternity results and establish support.

At the September 14, 2009 hearing, mother appeared before Hearing Officer Marlene Ashton, Esquire. Father's counsel appeared. Father attempted to appear via telephone, but the hearing officer did not allow father's telephone participation because father did not timely submit the proper paperwork. The hearing officer made findings concerning the parties' incomes, and calculated father's support obligation using March 13, 2009 as the retroactivity date. 9/14/09 Rec. The hearing officer chose that retroactivity date for three stated reasons: the case was not pursued in a timely manner; high arrears would result from using the date of filing as the retroactivity date; and there was little or no evidence concerning father's earnings from 2000 to present. *Id.*

On October 2, 2009, father filed exceptions to Hearing Officer Ashton's recommendation. Father argued that the hearing officer erred by not allowing father to testify via telephone and that the lack of father's testimony meant that the hearing officer did not consider father's other children, father's expenses, or father's information concerning mother's earning capacity. Mother opposed father's exceptions. Mother also requested that, in the event that a remand was ordered, any hearing be de novo.

In a January 25, 2010 order, this court held that the hearing officer had properly applied the rule regarding telephone testimony. However, out of an abundance of process, this court remanded the case and granted a de novo hearing to allow father to testify.

On March 12, 2010, the remand hearing was held in front of Hearing Officer Gary Gilman, Esquire. (Hearing Officer Ashton had retired, so she could not conduct the remand hearing.) Hearing Officer Gilman found the retroactivity date to be the date of filing - May 22, 2000. The hearing officer found that father did not meet his burden to rebut the presumption that date of retroactivity is the date of filing. 3/12/10 Rec. at 1-2. The hearing officer did find mother to have a higher income than was found at the previous hearing. *Id.* at 2-3. The hearing officer used father's income information to determine father's income for support for 2000 through 2009. *Id.* at 3-4.

On March 30, 2010, father filed exceptions to Hearing Officer Gilman's recommendations. Father alleged that it was error to allow a de novo hearing and to permit reconsideration of retroactivity. On July 14, 2010, this court dismissed father's exceptions.

On August 11, 2010, father filed a notice of appeal. On August 19, 2010, this court ordered father to file a concise statement of errors complained of on appeal, pursuant to Pa. R.A.P. 1925 (b). On August 26, 2010, father timely filed his concise statement. On September 29, 2010, father filed an amendment to defendant's concise statement of matters complained of on appeal.

Issues Raised on Appeal

In his Pa. R.A.P. 1925 (b) statement, father averred as follows:

1. The lower court erred by allowing re-litigation on the issue of retroactivity of arrears when the plaintiff had waived the issue of retroactivity by not filing exceptions or cross-exceptions on that issue.

2. The lower court erred in allowing a hearing de novo when a rehearing on support is allowed only on issues for which exceptions are taken.

3. The lower court erred in allowing Hearing Officer Gilman to reconsider the recommendation of Hearing Officer Marlene Ashton that the arrears should be retroactive to March 13, 2009, as Hearing Officer Ashton did not abuse her discretion and adequately explained the reasons the retroactivity date should be March 13, 2009.

4. The lower court erred in sustaining Hearing Officer Gary Gilman's recommendation that the arrears should be retroactive to May 22, 2000, as the defendant, whose whereabouts could have been ascertained through any reasonable search, was not

served the complaint *until March 13, 2009*[1] and had no knowledge or control over the case.

## Discussion and Analysis

Father's first three issues on appeal all relate to whether or not it was appropriate for this court to order a de novo hearing. Father argues that a de novo hearing was inappropriate because the remand hearing should have dealt only with issues raised in exceptions and because the original decision on arrears was not an abuse of discretion.

The crux of the matter is the question of whether a de novo hearing was appropriate. If it was, then the issue of retroactivity was something that the hearing officer could consider. If it was not, then retroactivity was res judicata and the hearing officer could not have changed it.

Allegheny County follows Pa. R.C.P. 1910.12 for support hearings, exceptions and remand hearings. Rule 1910.12 does not speak to the kind of remand hearing that should be held following exceptions. It says only that, after argument, the court shall "enter an appropriate final order." It also says that any matter not covered in exceptions is deemed waived. The language would indicate that a de novo review is not contemplated.

However, in the instant case, a de novo remand was necessary. Father's dispute with the first hearing was his inability to participate. If the remand hearing was not de novo, then mother would be prejudiced. At the first

---

1. The portion in italics reflects the change between father's August 26, 2010 concise statement and the September 29 amended concise statement. The August 26, 2010 concise statement mistakenly listed May 22, 2000.

hearing, mother presented her evidence. However, since father did not present his, mother could not respond to father's evidence. If, at the second hearing, father was allowed to present evidence, but mother was not, mother would be precluded from fully developing all evidence that she deemed responsive to father's. Father would have had the opportunity to hear mother's case in full and to prepare appropriately, but mother would have had no ability to rebut father's case, except in cross-examination of father. Once there is the decision to allow father to participate in a new hearing, mother must be given the same opportunity. A hearing is not a hearing unless both parties can tango.

Also, mother was given leave to argue for a de novo remand and a reconsideration of retroactivity. Rule 1910.12 states that matters not covered in exceptions are deemed waived unless that party is given leave to file additional exceptions. In the instant case, mother's attorney briefed the retroactivity issue, and it was part of the exceptions argument. Given that father was aware that mother would be addressing the issue and participated in the exceptions argument, father was on notice that retroactivity and the demand for a de novo remand hearing were under consideration by the court.

Even if mother did not raise retroactivity in cross-exceptions, she may still raise it in a de novo hearing. In the *Zadori* case, the mother did not raise the issue of spousal support in her exceptions. *Zadori v. Zadori*, 661 A.2d 370, 373 (Pa. Super. 1995). However, the trial court found that, in affording the mother due process, her failure did not cause a waiver of her request for spousal support in the de novo hearing before a hearing officer. The trial court

was affirmed. *Id.* There are differences between *Zadori* and the instant case. In *Zadori*, the exceptions challenged an interim support order, and the de novo hearing was the first record proceeding. Nonetheless, the principle remains the same. If mother was not allowed to fully participate in the remand hearing, she would be denied due process of law.

Even apart from the due process argument, it was appropriate for the hearing officer to reconsider retroactivity. The first hearing officer did not grant retroactivity back to date of filing because, at least partially, there was a lack of information about father's earnings from date of filing to present. That lack of information existed because father did not participate in the hearing. Once father participated, at least part of the reason for the first hearing officer's decision on retroactivity no longer existed.

Essentially, father wants to have his cake and eat it too. Father wanted to participate in the hearing. When that was granted, father wanted to allow only his testimony and to preclude mother from fully participating. Father does not complain that Hearing Officer Gilman reconsidered and increased mother's income for support. There was simply no fair and equitable way to allow father to testify in the remand hearing without a de novo hearing that also allowed mother to participate fully.

Father's other allegation of error was that Hearing Officer Gilman should not have set arrears back to date of filing when father did not know about the support complaint. A support order "shall be effective from the date of the filing of the complaint...unless the order

specifies otherwise." Pa. R.C.P. 1910.17 (a). Using the date of filing as the retroactivity date is intended to "alleviate the hardship on a party entitled to support" who may suffer from delay caused by litigation of the case. *Crawford v. Crawford*, 633 A.2d 155, 163 (Pa. Super. 1993). The longer the delay, "the more apropos retroactivity becomes." *Id.* The burden of proof to rebut the presumption of retroactivity lies with the party seeking a retroactivity date other than the date of filing. *Christianson v. Ely*, 838 A.2d 630, 636 (Pa. 2003)

The *Christianson* case is instructive. In that case, the mother filed three support complaints: one in 1988, one in 1997 (which was withdrawn), and one in 1999 (which finally resulted in a support order). *Id.* at 635. The mother argued that retroactivity should go back to the original support complaint in 1988, and the father argued for retroactivity to the 1999 complaint. *Id.* The court dismissed the father's claims of laches and estoppel as baseless. *Id.* at 637. Further, the court found that, although using the 1988 complaint would result in $87,000 in arrears for the father, the amount was not prejudicial. *Id.* The court held that any dilatory conduct by the mother could not infringe upon the right of the child to support. *Id.* at 638.

The record supports Hearing Officer Gilman's conclusion about the date of retroactivity. The hearing officer found mother credible in her testimony about her attempts to find father. 3/12/10 Rec. at 2. Even if mother had engaged in dilatory conduct, *Christianson* holds that this would not affect the child's right to support.

Father claimed that he would be prejudiced by the high

arrears if retroactivity were set to the 2000 complaint. The hearing officer set the arrears at $48,262, but set father's monthly payment on arrears at $50. Under the *Christianson* case, the arrears alone are not enough to prejudice father. As the hearing officer noted, the arrears amount is not unusually high. 3/12/10 Rec. at 2.

Unfortunately, this is a case where the court system dropped the ball. Mother provided all the necessary information to find father, but the system did not do anything with it. Father knew he had a child that he was not supporting. The child should not bear the burden of the court system's failure to find father sooner.